UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERRY LYN MICLAT and BENZOR SHEM VIDAL, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ADVANCED CARE STAFFING, LLC and PRIORITY CARE STAFFING, LLC,<br><br>*Defendants*. | Civ. Action No.:<br>1:23-cv-05296-NRM-MMH |

**ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL**

Based on Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed class and collective action Settlement between Plaintiffs and Defendants, and good cause shown therein, Preliminary Approval of the parties' settlement, including Class Certification under Rule 23 and Conditional Collective Certification under the FLSA for settlement purposes only, is GRANTED as set forth below in accordance with Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and other applicable law.

1. The parties' Settlement Agreement, dated September 8, 2025, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein, are incorporated by reference in this Order.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the following putative Settlement

1

Class and Collective:

Settlement Class: All Healthcare Workers who entered the United States through Advanced Care Staffing, LLC's or Priority Care Staffing, LLC's foreign nurse recruitment program and entered into contracts with either Advanced Care Staffing, LLC or Priority Care Staffing, LLC at any point from September 16, 2012 to June 11, 2025.

Settlement Collective: All Healthcare Workers who entered the United States through Advanced Care Staffing, LLC's or Priority Care Staffing, LLC's foreign nurse recruitment program and entered into contracts with either Advanced Care Staffing, LLC or Priority Care Staffing, LLC at any point between June 11, 2022 and June 11, 2025.

3. In connection with class certification, the Court concludes that, following a final fairness hearing, it will likely be able to make the following findings for settlement purposes only:

(a) The Putative Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Putative Settlement Class for purposes of determining whether this Settlement should be finally approved;

(c) The Class Representatives' claims are typical of the claims being resolved through the proposed Settlement;

    (d) The Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed Settlement;

    (e) Common questions of law and fact predominate over questions affecting only individual persons in the Putative Settlement Class, making the Putative Settlement Class sufficiently cohesive to warrant settlement by representation; and

    (f) Certification of the Putative Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Putative Settlement Class.

    (g) The requirements of Fed. R. Civ. P. 23(b)(2) are met because the terms of the settlement and the relief provided to Putative Settlement Class Members is appropriate with respect to the class as a whole.

    (h) Based on the preliminary showing of counsel, the Putative Settlement Class Members are similarly situated for the purpose of notice.

4. In connection with collective certification, the Court preliminarily approves the Settlement Collective and directs notice to be provided to the Putative Settlement Collective Members so that they may choose whether to opt in.

5. <u>Class Counsel</u>. Nichols Kaster, PLLP, Towards Justice, Kakalec Law PLLC, and Katz Banks Kumin LLP are hereby APPOINTED as Class Counsel.

6. <u>Class Representatives</u>. Cherry Lyn Miclat and Benzor Shem Vidal are hereby APPOINTED as Class Representatives.

3

7. The Court preliminarily finds the Settlement within the range of reasonableness based on:

   (a) the complexity, duration, and procedural posture of the Action;

   (b) the risks and costs of continued litigation;

   (c) the adequacy of relief for the Putative Settlement Class Members;

   (d) the adequacy of representation provided by the Class Representatives and Class Counsel;

   (e) the absence of fraud or collusion between the parties in reaching the Settlement; and

   (f) the equitable allocation of funds between the putative class members.

8. <u>Class Notice</u>. The parties' proposed notices are APPROVED for distribution in accordance with the Settlement Agreement. The parties are permitted to make non-substantive changes prior to distribution and posting, including to include applicable deadlines and contact information.

9. CPT Group is APPOINTED as Settlement Administrator.

10. <u>Opt-Outs, Opt-Ins, and Objections</u>. Putative Settlement Class Members shall have the right to opt out or object to this Settlement pursuant to the procedures included in the Settlement Agreement. Putative Settlement Collective Members shall have the right to opt into the FLSA portion of this Settlement. The deadline to opt in, opt out, or object is sixty (60) days from the sending of the Postcard Notice.

4

11. <u>Final Approval Hearing</u>. A Final Approval Hearing shall be held on March 4, 2026 at 10:30 a.m., in Courtroom 6E North in the Brooklyn Federal Courthouse, 225 Cadman Plaza E, Brooklyn, NY 11201.

Dated: November 19, 2025                  <u>   /s/ Nina R. Morrison   </u>
    Brooklyn, New York                     Honorable Nina R. Morrison
                                                  United States District Court Judge