**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHERRY LYN MICLAT and BENZOR
SHEM VIDAL, *individually and on behalf of
all others similarly situated*,

                                    *Plaintiffs*,

            *v.*

ADVANCED CARE STAFFING, LLC and
PRIORITY CARE STAFFING, LLC,

                                    *Defendants.*

Civ. Action No.:
1:23-cv-05296-NRM-MMH

**FINAL APPROVAL ORDER**

Based on the Motion for Final Approval of the Proposed Settlement, the Final Fairness

Hearing, and good cause shown, IT IS HEREBY ORDERED:

1.      The Settlement Agreement, dated September 8, 2025, including its exhibits (the

"Settlement Agreement"), and the definition of words and terms contained therein, are

incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are

also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the

Parties, including all members of the following Settlement Class certified (for settlement purposes

only) under Federal Rule of Civil Procedure 23 and Settlement Collective certified (for settlement

purposes only) under the Fair Labor Standards Act ("FLSA") in this Court's Preliminary Approval

Order:

Settlement Class: All Healthcare Workers who entered the United States through Advanced

Care Staffing, LLC or Priority Care Staffing, LLC's foreign nurse recruitment program

and entered into contracts with either Advanced Care Staffing, LLC or Priority Care Staffing, LLC at any point from September 16, 2012 to June 11, 2025.

Settlement Collective: All Healthcare Workers who entered the United States through Advanced Care Staffing, LLC or Priority Care Staffing, LLC's foreign nurse recruitment program and entered into contracts with either Advanced Care Staffing, LLC or Priority Care Staffing, LLC at any point between June 11, 2022 and June 11, 2025.

3.      The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Class Counsel on behalf of Class Representatives and the Settlement Class and Collective and Defense Counsel on behalf of Defendants. The Court further finds that counsel for the Parties are experienced class action lawyers who vigorously asserted the positions of their respective clients.

4.      The Court hereby finds and concludes that notice of this action and the opportunity to opt-in, opt-out of, or object to the settlement was disseminated to members of the Settlement Class and Collective in accordance with applicable law, as well as the terms set forth in the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the notice and settlement award distribution procedures set forth in the Settlement Agreement fully satisfy Federal Rule of Civil Procedure 23 and the FLSA, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class and Collective who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class and Collective as contemplated in the Settlement and this Order.

6.      The Court hereby finally approves the Settlement Agreement and the Settlement terms and conditions set forth therein, and finds that the terms and conditions constitute, in all

respects, a "fair, reasonable and adequate" settlement as to all Settlement Class and Collective Members in accordance with applicable law, and directs its immediate consummation pursuant to its terms and conditions. Specifically, based on the submissions by the Parties with their Motions for Preliminary and Final Settlement Approval, the Court finds:

      a.     That the Class Representatives and Class Counsel have at all times adequately represented the class;

      b.     That the Settlement is the product of extensive, arm's-length negotiations;

      c.     That the Settlement provides adequate relief for the Class Members, taking into account (1) the costs, risks, and delay of further litigation, trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-members claims; and (3) the terms of any proposed award of attorneys' fees, including timing of payment; and

      d.     That the Settlement treats Class Members equitably relative to each other.

7.     Additionally, the Court finds that the Settlement is fair, reasonable, and adequate based on: (a) the complexity and duration of the litigation; (b) the stage of the proceedings; (c) the risk of establishing liability; (d) the risk of establishing damages; (e) the risk of pursuing and maintaining a class and collective action; (f) the reasonableness of the Settlement in light of the best recovery; (g) the range of reasonableness of the settlement in light of all the attendant risks of litigation; and (h) the reaction of the Class and Collective, as well as the absence of fraud or collusion and the opinions of Class Counsel and the Class Representative.

8.     For all of the above reasons, the Settlement is also a fair and reasonable resolution of FLSA claims for the Settlement Collective.

9.      The Court approves Class Counsel's application for $175,443.78 in attorneys' fees and $21,333.59 in out-of-pocket litigation expenses, $10,000 to each Class Representative as Service Payments, and $12,000 to the Settlement Administrator. These amounts shall be paid from the Gross Settlement Amount. The Court finds that the requested attorneys' fees are in line with the Parties' Settlement Agreement, and are reasonable in light of: (a) the time and labor required, the novelty, complexity, difficulty of the questions involved, and the skill requisite to perform the legal service properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (d) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (e) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; (h) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation; and (i) Class Counsel's lodestar. The Court further finds that the costs and administrative expenses requested are in line with the Parties' Settlement Agreement and are reasonable and relevant to the litigation.

10.     The Court orders that all Settlement Class and Collective Members hereby release all claims released by the Settlement Agreement and that this Final Approval Order will operate as *res judicata* as to all claims released by the Settlement Agreement.

11.  The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

12.  This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13.  Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment that is binding on the Parties and the Settlement Classes and Collective. The Clerk of the Court is directed to enter this Order on the docket forthwith.

Dated: March 4, 2026  
      Brooklyn, NY

*/s/ Nina R. Morrison*  
Honorable Nina R. Morrison  
United States District Court Judge